IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID P. BROOKS,
aka DAVID P. BROOKS-EL,

      **Plaintiff,**

      v.                                                                     CASE NO. 25-3065-JWL

DAVID THAXTON, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff David P. Brooks-EL is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Lansing Correctional Facility, his claims are based on incidents occurring during his detention at the Wyandotte County Detention Center in Kansas City, Kansas ("WCDC"). The Court granted Plaintiff leave to proceed in forma pauperis. The Court assessed an initial partial filing fee in the amount of $4.00, calculated under 28 U.S.C. § 1915(b)(1). The initial fee is due April 25, 2025, and the failure to pay by the deadline may result in dismissal of this matter without further notice.

Plaintiff alleges deliberate indifference, willful negligence, and negligence due to carelessness, based on the lack of ladders to access top bunks at the WCDC. (Doc. 1, at 3.) Plaintiff alleges that on June 9, 2024, while he was being held at the WCDC on a post-release violation, he fell from the top bunk, injuring his finger, back and rib. *Id*. Plaintiff seeks

compensation for chronic pain and due to limitations to his work as a welder. *Id*. at 4.

Plaintiff acknowledges that he received an x-ray and medication for his injuries, and does not set forth a claim based on his medical care following the injury. *Id*. Plaintiff alleges that eleven days after the injury he was transferred to the Lansing Correctional Facility. *Id*.

Plaintiff names as defendants: David Thaxton, Warden at WCDC; Danielle Soptic, employee, WCDC; and the Unified Government of Wyandotte County. Plaintiff seeks $753,000 in compensatory damages.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Conditions of Confinement

The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 10th Cir. 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims). A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."

4

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted).  Indeed, prison conditions may be "restrictive and even harsh."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."  *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'"  *Farmer*, 511 U.S. at 834.  Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety.  *Id*.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837.  "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'"  *Id*.  It is not enough to establish that the official should have known of the risk of harm.  *Id*.

Plaintiff mentions in one of his attached Inmate Communications Forms that "there are no ladders and I'm too short to be jumping."  (Doc. 1–2.)  The form was submitted *after* Plaintiff's fall.  *Id*.  Plaintiff does not allege that he had a medical order requiring him to be placed in a bottom bunk, or that he otherwise had a medical condition that would prevent him from safely using a top bunk.  Nor does he allege that he brought the issue to anyone's attention prior to his fall, that he requested a bottom bunk, or that he requested some other type of accommodation due to his height.  *See Webb v. Brown*, 2019 WL 6338095, at *2 (S.D. Ind. 2019) (finding plaintiff failed to state a claim where the plaintiff failed to allege "that he suffers

from any medical condition or impairment that makes it more difficult or impossible to access an upper bunk without a ladder and that, therefore, his medical condition was not addressed . . . He does not allege that he should have been provided a bottom bunk pass. . . . His claim is based entirely on the Warden's act of not providing bunkbed ladders in all of the prison's bunkbeds.").

"Numerous courts have held that the failure to install a ladder for access to the top bunk of a prison cell is not an Eighth Amendment violation." *Wheeler v. Skidmore*, 2022 WL 746513, at *2 (D. Kan. 2022) (citing *Webb*, 2019 WL 6338095 *1–2); *Little v. Ebbert*, 2018 WL 6504201 *4 (M.D. Pa. 2018); *Richard v. Illinois Dep't of Corr.*, 2016 WL 2941210 *5 (S.D. Ill. 2016); *Blue v. Baenen*, 2016 WL 8711729 *9–10 (E.D. Wis. 2016); *Leggero v. Tact*, 2010 WL 5135910 *1 (N.D. Ill. 2010)); *see also Preston v. United States*, 2010 WL 2975631, at *3–4 (N.D. Ga. 2010) (citations omitted) (citing cases finding that if a ladder is welded to a bed, it creates a serious impediment during a forced cell move of an inmate, and that "free standing ladders cannot be used because the inmates can use them as weapons, or they can break the ladders apart and use the pieces as weapons.").

In *Wheeler*, the plaintiff alleged that he slipped, fell, and suffered serious injuries while attempting to climb to the top bunk in his cell. *Id*. The plaintiff claimed that the cell was dangerous because there was no ladder installed to assist him in climbing to the top bunk. *Id*. The Court found that the plaintiff made "a conclusory claim without citation to authority that the absence of a ladder is an OSHA violation." *Id*. The Court declined to accept the allegation as true because it was conclusory, and because OSHA regulation apply to workplaces, not dwellings. *Id*. (citation omitted). The Court noted that even if OSHA did apply, it "does not establish an Eighth Amendment standard for humane conditions of confinement." *Id*. (citing *Conner v. Friend*, 2020 WL 4039034 *3 (D. Kan. 2020) (Eighth Amendment does not require

compliance with fire and safety codes)). The Court also held that while the plaintiff may consider the defendants to have been negligent, "the standard for liability for a constitutional tort is more than lack of due care." *Id.* (citing *Estate of Grubbs v. Hernandez*, 2021 WL 4239021 (10th Cir. 2021)).

Plaintiff has failed to state a sufficiently serious condition. *See Gathier v. Poulin*, 2024 WL 4297485, at *5 (W.D. Mich. 2024) (stating that "federal courts routinely dismiss claims regarding the lack of ladders on bunk beds brought pursuant to Section 1983, because they have concluded that this condition does not constitute a serious risk of harm sufficient to state a claim under the statute") (citations omitted); *Webb*, 2019 WL 6338095, at *2 ("The absence of a ladder or steps on a bunk bed is simply not a sufficiently serious condition to support a § 1983 claim. The lack of a ladder does not violate the very basic requirement that prison officials provide prisoners the 'minimal civilized measure of life's necessities.'"); *Leggero*, 2010 WL 5135910, at *2 ("Plaintiff's allegations about the lack of ladders for inmates with upper bunks at the Winnebago County Jail does not state a sufficiently serious jail condition to support a § 1983 claim."); *Burgess v. Unknown*, 2021 WL 5051369, at *3 (E.D. Mo. 2021) ("District courts routinely dismiss such 'ladderless bunk bed' claims finding that this condition does not pose a serious risk of harm sufficient to state a § 1983 claim.") (citations omitted).

Plaintiff has also failed to allege "deliberate indifference" by any defendant. *See Gauthier*, 2024 WL 4297485, at *5 ("Under certain circumstances, courts have held that failing to provide a ladder to an inmate, at most, may constitute negligence . . . however, . . . negligence alone does not raise a constitutional claim") (citations omitted); *Webb*, 2019 WL 6338095, at *1 (finding that "the law is clear that a prison's act of not providing ladders with bunkbeds is, at most, ordinary negligence and not deliberate indifference"); *Miller v. Punturi*, 2022 WL

2252871, at *2 (W.D. Va. 2022) ("At most, Miller's complaint alleges that the defendants acted negligently by not installing ladders or other safety equipment on the bunkbeds at Pocahontas . . . however, mere negligence is insufficient to state a claim under the Eighth Amendment."). Plaintiff should show good cause why his claims regarding his conditions of confinement should not be dismissed for failure to state a claim.

### 2. Defendants

Plaintiff does not mention the Defendants in the body of his Complaint, other than to say that the Warden is aware that there are no ladders and is responsible for safety and security. (Doc. 1, at 1.) Plaintiff also states that "Defendants" were responsible for maintenance and Plaintiff's safety "in their official capacities." *Id*. at 3.

Plaintiff has failed to allege how the Defendants personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

V. **Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **May 20, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated April 17, 2025, in Kansas City, Kansas.**

> S/ John W. Lungstrum
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**