**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DAVID P. BROOKS,
aka DAVID P. BROOKS-EL,**

      **Plaintiff,**

      **v.**                   **CASE NO.  25-3065-JWL**

**DAVID THAXTON, et al.,**

      **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the Lansing Correctional Facility, his claims are based on incidents occurring during his detention at the Wyandotte County Detention Center in Kansas City, Kansas ("WCDC").  The Court granted Plaintiff leave to proceed in forma pauperis.  On April 17, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff until May 20, 2025, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  The Court granted Plaintiff's motion for an extension of time, and extended the deadline to June 19, 2025.  (Doc. 11.)  Plaintiff has failed to respond by the Court's deadline.  The Court's screening standards are set forth in the MOSC.

Plaintiff alleges deliberate indifference, willful negligence, and negligence due to carelessness, based on the lack of ladders to access top bunks at the WCDC.  (Doc. 1, at 3.)  Plaintiff alleges that on June 9, 2024, while he was being held at the WCDC on a post-release violation, he fell from the top bunk, injuring his finger, back and rib.  *Id*. Plaintiff seeks compensation for chronic pain and due to limitations to his work as a welder.  *Id*. at 4.

Plaintiff acknowledges that he received an x-ray and medication for his injuries, and does

not set forth a claim based on his medical care following the injury.  *Id*.  Plaintiff alleges that eleven days after the injury he was transferred to the Lansing Correctional Facility.  *Id*. Plaintiff names as defendants:  David Thaxton, Warden at WCDC; Danielle Soptic, employee, WCDC; and the Unified Government of Wyandotte County.  Plaintiff seeks $753,000 in compensatory damages.

Plaintiff mentions in one of his attached Inmate Communications Forms that "there are no ladders and I'm too short to be jumping."  (Doc. 1–2.)  The form was submitted *after* Plaintiff's fall.  *Id*.  Plaintiff does not allege that he had a medical order requiring him to be placed in a bottom bunk, or that he otherwise had a medical condition that would prevent him from safely using a top bunk.  Nor does he allege that he brought the issue to anyone's attention prior to his fall, that he requested a bottom bunk, or that he requested some other type of accommodation due to his height.  *See Webb v. Brown*, 2019 WL 6338095, at *2 (S.D. Ind. 2019) (finding plaintiff failed to state a claim where the plaintiff failed to allege "that he suffers from any medical condition or impairment that makes it more difficult or impossible to access an upper bunk without a ladder and that, therefore, his medical condition was not addressed . . . He does not allege that he should have been provided a bottom bunk pass. . . . His claim is based entirely on the Warden's act of not providing bunkbed ladders in all of the prison's bunkbeds.").

The Court found in the MOSC that numerous courts have held that the failure to install a ladder for access to the top bunk of a prison cell is not an Eighth Amendment violation.  *See Wheeler v. Skidmore*, 2022 WL 746513, at *2 (D. Kan. 2022) (citing *Webb v. Brown*, 2019 WL 6338095 *1–2 (S.D. Ind. 2019)); *Little v. Ebbert*, 2018 WL 6504201 *4 (M.D. Pa. 2018); *Richard v. Illinois Dep't of Corr.*, 2016 WL 2941210 *5 (S.D. Ill. 2016); *Blue v. Baenen*, 2016 WL 8711729 *9–10 (E.D. Wis. 2016); *Leggero v. Tact*, 2010 WL 5135910 *1 (N.D. Ill. 2010));

*see also Preston v. United States*, 2010 WL 2975631, at *3–4 (N.D. Ga. 2010) (citations omitted) (citing cases finding that if a ladder is welded to a bed, it creates a serious impediment during a forced cell move of an inmate, and that "free standing ladders cannot be used because the inmates can use them as weapons, or they can break the ladders apart and use the pieces as weapons.").

The Court also found that Plaintiff failed to allege "deliberate indifference" by any defendant, and failed to state a sufficiently serious condition.   *See Gathier v. Poulin*, 2024 WL 4297485, at *5 (W.D. Mich. 2024) (stating that "federal courts routinely dismiss claims regarding the lack of ladders on bunk beds brought pursuant to Section 1983, because they have concluded that this condition does not constitute a serious risk of harm sufficient to state a claim under the statute") (citations omitted); *Webb*, 2019 WL 6338095, at *2 ("The absence of a ladder or steps on a bunk bed is simply not a sufficiently serious condition to support a § 1983 claim. The lack of a ladder does not violate the very basic requirement that prison officials provide prisoners the 'minimal civilized measure of life's necessities.'"); *Leggero*, 2010 WL 5135910, at *2 ("Plaintiff's allegations about the lack of ladders for inmates with upper bunks at the Winnebago County Jail does not state a sufficiently serious jail condition to support a § 1983 claim."); *Burgess v. Unknown*, 2021 WL 5051369, at *3 (E.D. Mo. 2021) ("District courts routinely dismiss such 'ladderless bunk bed' claims finding that this condition does not pose a serious risk of harm sufficient to state a § 1983 claim.") (citations omitted).

The Court also found that Plaintiff failed to allege how the Defendants personally participated in the deprivation of his constitutional rights.   Plaintiff does not mention the Defendants in the body of his Complaint, other than to say that the Warden is aware that there are no ladders and is responsible for safety and security.  (Doc. 1, at 1.)  Plaintiff also states that

"Defendants" were responsible for maintenance and Plaintiff's safety "in their official capacities." *Id*. at 3.

The Court required Plaintiff to show good cause why his claims regarding his conditions of confinement should not be dismissed for the reasons set forth in the MOSC. The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim." (Doc. 4, at 9.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 23, 2025, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**